**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000012
17-JUN-2020
09:10 AM**

NO. CAAP-20-0000012

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PNC BANK, NATIONAL ASSOCIATION, Plaintiff-Appellee, v.
HERMA B. MEDINA REYNA, Defendant-Appellant,
WILMINGTON TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE UNDER THE GREENWICH INVESTORS XL
PASS-THROUGH TRUST AGREEMENT DATE AS OF MARCH 1, 2012;
CAPSTONE FUNDING GROUP INC, Defendants-Appellees, and,
DOES 1 through 20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC151000224(3))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Herma B. Medina Reyna's (Medina Reyna) appeal in case number CAAP-20-0000012 from the Honorable Joseph E. Cardoza's (1) December 10, 2019 order granting commissioner's motion to conduct auction without holding open houses, and (2) December 10, 2019 order denying Medina Reyna's motion for reconsideration of the order granting commissioner's motion to conduct auction without holding open houses.  These two interlocutory orders in the ongoing foreclosure proceeding, Civil No. 15-1-0224(3), are not yet eligible for appellate review.

When an aggrieved party desires to assert an appeal in a foreclosure case, Hawaii Revised Statutes (HRS) § 667-51(a) (2016) authorizes the party to assert an appeal from three different parts of the foreclosure case:

> §667-51 Appeals. (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> (1) A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;
>
> (2) A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure; and
>
> (3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.
>
> (b) An appeal shall be taken in the manner and within the time provided by the rules of court.

(Emphases added). Pursuant to HRS § 667-51(a)(1), the circuit court's July 20, 2017 judgment on the decree of foreclosure was immediately appealable, but the thirty-day period under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP) for asserting an appeal from that judgment has already expired.

Furthermore, in this appeal, Medina Reyna does not appeal from a judgment regarding confirming the sale of the foreclosed property, as set out in HRS § 667-51(a)(2). Absent a judgment on an order confirming the sale of the foreclosed property, pursuant to Rule 54(b) of the Hawaiʻi Rules of Civil Procedure, the two December 10, 2019 orders are not yet eligible

2

for appellate review.  Medina Reyna's appeal is premature and this court lacks appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that case number CAAP-20-0000012 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, June 17, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge